## Long *et al. versus* Fuller *et al.*

1. The Act of April 9th 1867 (taking school-house sites) is constitutional, and the school directors can exercise the powers conferred.

2. The use is public and the security for compensation is provided by funds raised by taxation.

March 14th 1871.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.    WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bradford county* : No. 20, to July Term 1870.

This was an action of ejectment brought, June 12th 1868, by Mary T. Long and others against Daniel Fuller and J. A. M. Gregg, for about one acre of land in the borough of Troy, which had been appropriated by the school directors under the Act of April 9th 1867, § 1, Pamph. L. 51, Purd. 1452, pl. 1.

The case was referred to Hon. William Elwell, under the provisions of the Act of April 6th 1869, Pamph. L. 726, Purd. 1592, by which parties to suits in the county of Bradford are authorized to refer their cases to a referee, to be conducted as trials by a court and jury, the referee to find the facts and state conclusions of law separately, subject to writ of error, &c., directly to the Supreme Court.

The case will appear in the " conclusions of fact by the referee," as follows :—

" On the trial of this cause it was admitted and agreed by the parties that the legal title to the land in dispute (being one acre in the borough of Troy) was in the plaintiff at the time possession was taken by the defendants, as agents of the board of school directors of the Troy borough school district, and that they still have the legal title and right of possession, unless the school directors have the rightful possession under the facts hereinafter stated.

" In the summer of the year 1867, the school directors of said district, deeming the land described in the writ in this case, an eligible site for the erection of a school-house for said district, and being unable to agree with the plaintiffs for the same, entered upon, designated and marked off the land in question, and proceeded to erect a school-house thereon, by contract with Daniel Fuller and J. A. M. Gregg, for the use of the common schools of said district.    That said Fuller and Gregg, at the time of bringing this suit, were in possession, under the school directors,

[Long v. Fuller.]

for the purpose of building said house. When completed, they turned the actual possession over to the school directors, who have continued to occupy it for school purposes to the present time.

" On the 3d September 1867, the school directors aforesaid presented their petition to the Court of Common Pleas of Bradford county, setting forth that they were desirous of building and completing a suitable school-house in said borough of Troy, and had selected suitable grounds for the same, and describing the land in dispute here, by metes and bounds, containing one acre, and that they were unable to agree with the owners as to the price of said land, and praying the court to appoint viewers agreeably to the Act of Assembly, approved April 9th, 1867. Whereupon the court appointed three citizens agreeably to said act, who reported the damages of the plaintiff to be one thousand dollars.

" On the 3d December 1867, on the petition of the school directors, reviewers were appointed, who after due notice to all parties, and hearing of the school directors, and the guardian of Fanny Long, reported that the plaintiffs sustained damages by reason of the taking of said land, to the amount of five hundred dollars. This report was made on the 28th December 1867, and was accompanied with a plot or draft of the land taken.

" At the February term of the court, said report was confirmed by the court, with leave to any of the parties to file exceptions within fifteen days. No exceptions have been filed; the report therefore stands confirmed.

" The admissions made by the plaintiffs, are merely for the purposes of this suit, and to raise the single question of law, whether under the Act of Assembly before mentioned, of April 9th 1867, § 1, Pamph. L. 51, Purd. Dig. 1452, and the proceedings above stated, the school directors of said district have acquired the right to use and occupy said land, with a school-house for common school purposes. If the act is deemed to be unconstitutional, the report to be in favor of the plaintiffs, otherwise for the defendants, with the right to a writ of error given by the act under which the referee was appointed."

In his conclusions of law the referee reported:     *     *     *
" 10. In taking plaintiffs' land the discretion with which the directors are clothed, appears to have been judiciously exercised. The referee is therefore of opinion the Act of 9th April 1867 is *not* unconstitutional, that the school directors have the lawful possession of the property in question, with the right to use it for school purposes as before stated; that the legal title remains in the plaintiffs, to whom the property will revert should it cease to be used for the purposes of a public school-house for Troy School District.

[Long *v.* Fuller.]

"If the plaintiffs' had filed a bill in equity, asking that the school directors might be enjoined from taking their land, on the ground that the security for payment of damages was inadequate, the court would have inquired as to the ability of the district to pay. In the absence of that, and of any evidence upon the subject, the presumption is, that the power given by the Act of 8th May 1854, Purd. Dig. 178, Pamph. L. 53, to levy a tax to pay for school-houses and the ground upon which they are located, affords adequate security, both for the amount of the judgment for damages assessed, and for its payment within a reasonable time. When such is the case, no other security is required.   Keene *v.* The Borough of Bristol, 2 Casey 46." * * *

The plaintiffs took a writ of error and assigned the finding of the referee for error.

*E. Smith* and *H. W. Patrick*, for plaintiffs in error.

*D. Rockwell* (with whom was *W. H. Carnochan*), for defendants in error, cited Pittsburg *v.* Scott, 1 Barr 314; 1 Bouvier's Inst. 77; Kittanning Academy *v.* Brown, 5 Wright 269; Yost's Report, 5 Harris 532.

The opinion of the court was delivered, March 23d 1871, by

READ, J.—The question in this case is, whether the first section of "A further supplement to an act for the regulation and continuance of a system of education by common schools, approved 8th day of May, A. D. 1854," passed 9th April 1867, for the selection of sites for school-houses, is constitutional.  This section is in reality, a transcript of a local act applying only to the counties of Chester and Delaware, passed on the same day with the General School Law of the 8th May 1854, and extended to other counties by subsequent acts.  The School Law authorized the purchase of real estate to erect school-houses on, but gave no power to take the land making compensation.  The compulsory power had however worked so well in the counties in which it had been tried, that it was determined to make the provision general and applicable to all the school districts in the Commonwealth; all the provisions of this section have been determined to be constitutional in former cases, and the only question is, can the school directors exercise them.

The common school system pervades the whole Commonwealth, and is its creature, acting in the several school districts by its boards of directors or controllers, who are simply the agents of the state in carrying out the wise, benevolent and far-sighted policy of the government.  Every man, woman and child in a republic, should be able to read and write, and this is the object aimed at by the Common School Law. School-houses are an essential part

[Long *v.* Fuller.]

of the system, and the compulsory power is as necessary to it, as the taking of land for a public highway. In both the uses are public, and the state provides in both adequate security and an adequate fund for compensation for damage, by a pledge of the funds raised by taxation in the county or district as the case may be. The security is given in the 1st section in express terms, " and for all damage done and suffered, or which shall accrue to the owner or owners of such land, by reason of the taking of the same for the purposes aforesaid, the funds of the district which may be raised by taxation, shall be pledged and deemed as security." There is no complaint that this is not adequate security, or that the fund is not adequate. This brings the case within Yost's Report, 5 Harris 524, and Keene *v.* Borough of Bristol, 2 Casey 46, and makes it unnecessary to discuss the other aspects of the case.

Judgment affirmed.