Owen, J.
1. It is maintained by the plaintiff (1) that the statutes in force in 1881, under which the commissioners were proceeding, were unconstitutional and void, and (2) that the order of the district court directing proceedings before the commissioners was unauthorized.
One of the grounds relied upon to support the first proposition is that these statutes were in contravention of section 19 of the bill of rights of the constitution of Ohio, which ordains that: “ Where private property shall be taken for public use, a compensation therefor shall first be made in money, ox first secured by a deposit in money, and such compensation shall be assessed by a jury."’ . .
It is contended that the legislation in question failed to provide for payment or deposit of compensation in money before the lands are “ taken ” by the construction of the ditch. The Revised Statutes § 4461 provides that: “ The commis *468 sioners shall, upon actual view of the premises, fix and allow such compensation for lands appropriated, . . to each person or corporation making application as provided in the preceding section.” . . .
By this provision the commissioners are called upon to do two things: First to “fix” the amount of compensation, and second to “ allow ” it.
Let us inquire what it is to allow a sum of money which has been “ fixed,” that is, determined upon by the commissioners.
Section 894 (Rev. Stat.) provides that: “No claims against the county shall be paid otherwise than upon the allowance of the county commissioners, upon the warrant of the county auditor, except in those cases in which the amount due is fixed by law, or is authorized to be fixed by some other person or tribunal, in which case the same shall be paid upon the warrant of the county auditor, upon the proper certificate of the person or tribunal allowing the same; but no public money shall be disbursed by the county commissioners, or any of them, but the same shall be disbursed by the county treasurer, upon the warrant of the county auditor, specifying the name of the party entitled to the same, on what account, and upon whose allowance, if not fixed by law.”
When the commissioners have caused to be entered upon their journal an order fixing and allowing the amount of compensation to a land owner who has made application therefor, they have exhausted their powers, and it only remains for the county auditor to draw his warrant on the county treasurer for the sum so allowed.
If an appeal is taken from the allowance of the commissioners to the probate court, and “ the verdict of the jury be in favor of the appellant, the commissioners shall cause to be made on their journal an entry carrying out the findings of the jury,” etc. § 4471.
How may the commissioners “ carry out the findings of the jury” except by the allowance of the amount of the compensation found by the jury ? Whether the amount of compensation for lands taken, be “ fixed ” by the commissioners *469 or “ found ” by the jury the provision for first paying or depositing the compensation in money is ample; and it is no answer to this to say that the particular fund to be drawn upon is not designated.
The case of Ohio ex rel. McConahey v. Seaman, 23 Ohio St. 389, where it was held that orders drawn on the county treasurer for the cost of constructing a ditch were not payable out of the general county fund, has no application to the present case.
It is to be supposed that when the commissioners enter upon the location and construction of a ditch which .must involve the “ taking ” of lands, they do so in contemplation of the fact that compensation for lands so taken must, if applied for, be first paid or deposited, and it seems clear .that if no other fund is provided, nor payment or deposit otherwise made by those to be benefited by the ditch, the general county fund is to be resorted to. Ample provision' is made to reimburse this fund. Section 4479 provides for assessments on benefited lands to raise the amount of compensation and damages, and section 2834 provides for the transfer of these special funds so raised to the general fund.
The position contended for, that the allowance by the commissioners or even the drawing of his warrant by the auditor is neither the payment nor deposit of money in the sense in which these terms are employed in the bill of rights, is not well taken. There is no complaint that the county was insolvent, nor that for any other cause the warrant of the auditor would not be honored.
The solvency of the state and of her municiple subdivisions is presumed in the absence of a showing to the contrary. Talbot v. Hudson, 16 Gray, 431; Hill v. United States, 9 How. 386; Long v. Fuller, 68 Pa. 170; Yost’s Report, 17 Pa. 524; Mills on Eminent Domain, § 126.
This question was considered by the supreme court of Indiana in Rudisill v. State, 40 Ind. 490, where it is said : “ The auditor is authorized to draw his warrant upon the treasurer, for a sum allowed or certified to be due . . by the board of county commissioners. We are of the opinion that, when *470 the amount of damages is ordered to be paid out of the county treasury, as in this case, the commissioners may treat the case as one where the amount is deposited in the treasury for the use of the parties entitled to the same.” It is not easy to conceive how a more efficient scheme can be devised for either the payment or deposit of money for compensation for lands taken, than the statutes in question have provided.
2. It is further maintained that the statutes under consideration are in contravention of the constitution for the reason that no notice is provided of the hearing of the petition for the ditch. That it is the filing of this petition which confers upon the commissioners jurisdiction to act, and that the failure of the statutes to provide for notice of the hearing of such petition, and permitting the commissioners to proceed to “ find for the improvement ” without giving parties to be affected by the improvement their day in court is fatal to the validity of the statutes.
It is not denied that opportunity is afforded to all parties affected by the ditch to be heard upon appeal in the probate court; and this leads to the inquiry whether they are entitled to such hearing in the first instance.
The proposition contended for, contemplates that the commissioners, in determining upon the necessity of the ditch or whether it will conduce to ’the public health, convenience or welfare, are acting judicially.
Section 4452 provides that the commissioners, upon receiving a copy of the petition, shall proceed at once to view the line of the proposed ditch and determine by' actual view whether it is necessary, or will be conducive to the public health, convenience or welfare, and whether the line described is the best route.
Section 4453 provides that if the commissioners shall find against the improvement, they shall dismiss the petition and proceedings at the cost of the petitioners.
By section 4454, if the commissioners find for the improvement, they shall direct a survey, &c. of the line described in the petition. Up to this point in the proceedings, none of the interested parties except the petitioners for the *471 ditch have notice. So far the proceedings are preliminary. The state has delegated to the commissioners so much of her power of eminent domain as is necessary to determine whether the construction of the ditch is so far a public necessity, as that it is demanded by considerations of public health, convenience or welfare. There is nothing in the constitution of our state which guaranties to the owner of lands traversed by a ditch a trial by jury, or other judicial investigation, to determine upon its necessity or whether it will conduce to the public good.
While the statutes in question do provide for such a hearing upon appeal, it is so rather as a matter of favor than of right.
The commissioners, in determining this preliminary question of the necessity of appropriating lands for the purposes of a ditch, are called to the exercise of political and not judicial powers. It is a question rather of public policy than of private right. McMicken v. City of Cincinnati, 4 Ohio St. 394; Giesy v. Railroad Co., 4 Ohio St. 325; People v. Smith, 21 N. Y. 597; Bowersox v. Watson, 20 Ohio St. 507; Mills Eminent Domain, § 11; Cooley’s Constitutional Limitations, 528; Kramer v. C. & P. Railroad Co., 5 Ohio St. 146.
It is not upon the question of the appropriation of lands for public use, but upon that of compensation for lands so appropriated, that the owner is entitled, of right, to a hearing in court and the verdict of a'jury.
What remedies the courts afford for the perversion or abuse of this power of appropriation we are hot now called upon to inquire.
3. The remaining constitutional objections to these statutes are predicated upon the assumption that all proceedings looking to the appropriation of lands for ditch purposes are judicial in their nature and that the owner is entitled to a jury trial or other judicial investigation, and are sufficiently answered by the conclusions already declared.
4. It is also assigned for error that, even if the statutes in question are valid, the district court erred in ordering the proceedings before the commissioners for hearing upon any claim of the plaintiff for compensation and damages; and in dis *472 solving the injunction theretofore granted in the case, and staying the proceedings to establish the ditch for only sixty days.
It is maintained by the defendants that this order was warranted by section 4491 which provides that: (i The court in which any proceeding is brought ... to declare void the proceedings to locate or establish any ditch .... shall, if there is manifest error in the proceedings, allow the plaintiff in the action to show that he has been injured thereby, . . The courts in which any such proceedings are begun shall allow parol proof that said improvement is necessary and will be conducive to the public health, convenience, or welfare, . . and without finding error, the court may correct any gross injustice in tire apportionment made by the commissioners ; the court shall, on final hearing, make such order in the premises as shall be just and equitable,” etc.
How far this provision may authorize the court to cure jurisdictional defects in the proceedings of the commissioners by ordering proceedings, in their nature de oiovo, in which the plaintiff- would be permitted to make every claim and assert ev'ery right allowed to him in case of notice of the original proceedings, or whether it was the duty of the district court to proceed in the case before it, to administer such relief, we need not now inquire.
No opportunity had been afforded the plaintiff to claim or prove compensation and damages.
The court dissolved the injunction theretofore granted, and thus left the commissioners entirely at liberty to proceed (after the expiration of the sixty days for which proceedings were stayed) with the construction of the ditch across the plaintiff’s land regardless of whether his compensation should “ first be made in money, or first secured by a deposit of money ” (as required by section 19 of the bill of rights). In this there was error for which the judgment of the district court is reversed.
Judgment will be entered enjoining all further proceedr ings until the ditch is legally established.
5. In the second case, the commissioners, when their pro *473 ceedings were enjoined, were proceeding to act upon a petition for a ditch across the plaintiffs lands along the identical route, and of the same dimensions, of the ditch involved in the first case. It represented that a large extent of country above was in need of drainage and would be drained by the proposed ditch. It was alleged by the plaintiff that this second ditch proceeding was the result of a conspiracy between the commissioners and the petitioners to ignore and defeat the injunction against the first ditch proceedings.
So far as the proceedings for the last ditch had progressed, they were regular.
The district court found the facts which embraced the proceedings in the first case up to that time, and then stated their conclusions of law, and ordered as follows:
“And the court upon the facts aforesaid, and those admitted in the pleadings herein, find as matters of law, that it is not a question material for the introduction of testimony, whether or not there was any conspiracy between the county commissioners and said petitioners for said shorter ditch, or what the motives of said parties might have been o.r were; that the plaintiff began this action for an injunction prematurely, and that for the matters complained of in his petition, he has an adequate remedy at law by hearing before said county commissioners, and an appeal thence to the probate court of said county. That the statutes of the state of Ohio relating to the establishment of county ditches under which the proceedings complained of in this action were had, are not in conflict with the constitution of the state of Ohio.”
And the court upon the conclusions of fact and law aforesaid, do order, adjudge and decree as follows, to wit:
“ That said petition of the plaintiff in this case be dismissed at the costs of the plaintiff, and that the temporary injunction heretofore allowed in this case, be, and the same is hereby dissolved. That the defendants recover of the plaintiff therein, their costs herein, taxed at $ — . But" that the further construction of the said ditch and proceedings to establish the same, or to ascertain damages and compensation therefor, shall be delayed for sixty days.
*474 “ To all and each of which actions, rulings and judgment of said court, the said plaintiff then in due time excepted.”
The objection chiefly urged against the second ditch proceeding (aside from the constitutional question relied upon), is that the proposed ditch was a short.one. It is not the ength of a proposed ditch, but the extent of the drainage to be effected by it which determines the power to establish it. Kent v. Perkins, 36 Ohio St. 641. This question was properly addressed to the commissioners.
There was no error in the action of the court.
Judgment in Zimmerman v. Canfield, reversed.
Judgment in Zimmerman v. Prickett, affirmed.