DEUSTER (BROAD v.). See Case No. 1,908.
DEVAL (TYLER v.). See Case No. 14,307.
DE VALLE (CROSS v.). See Cases Nos. 3,430 and 3,431.

## Case No. 3,835a.
DE VARAIGNE v. FOX.
[See Case No. 3,836.]

## Case No. 3,836.
### DE VARAIGNE v. FOX.
[2 Blatchf. 95.][1]

Circuit Court, S. D. New York. Sept. 30, 1848.

EMINENT DOMAIN—LEGISLATIVE POWER—CHARACTER OF ESTATE ACQUIRED—REVERTER.

1. The right of eminent domain empowers the legislature to devote private property to public use.

2. An act of the legislature of New York, reciting that certain lands were needed by the corporation of the city of New York for the purpose of extending the alms-house establishment of the city, and providing that, on the ascertainment and payment to the owner of the lands, of the loss and damage for taking them, the corporation should be seised of the lands in fee-simple absolute, does not exceed the rightful authority of the legislature.

3. In the exercise of its power to devote private property to public use, the legislature are the exclusive judges of the degree and quality of interest which are proper to be taken, as well as of the necessity of taking it.
[Cited in Brooklyn Park Com'rs v. Armstrong, 45 N. Y. 243.]

4. Where the legislature has conferred an estate in fee simple absolute in the premises taken, it must be assumed that they judged it necessary to do so, to answer the public use contemplated.

5. Such a grant of a fee simple absolute will not be construed as a conditional fee or usufruct, leaving the possibility of a reverter to the original owner on the lapse of the particular use, but will be held to have vested the entire property forever in the grantee.

6. If a change in the destination of the property granted, after a continuance for twenty-six years of the use of it first contemplated, raises any interest or right on the part of the original owner, it is of an equitable character, cognizable only in chancery, and not at law.

[This was an action of ejectment by Maria De Varaigne against Edward Fox.]

In February, 1818, the mayor, aldermen and commonalty of the city of New-York were possessed of certain premises in that city, occupied by them as an alms-house establishment, and presented to the legislature of New-York a memorial praying that a law might be passed authorizing them to enter upon and take possession of certain lands contiguous to the said premises, and hold the same for the use of the said alms-house establishment. On the 21st of April, 1818, an act was passed, entitled "An act authorizing the mayor, aldermen, and commonalty of the city of New-York to take possession of certain lands." The act recited that the corporation was desirous of taking possession of certain lands, the bounds of which were specified, for the purpose of extending the alms-house establishment of the city, and provided that it should be lawful for the corporation, whenever they should judge proper, to take possession of all or any part of the said lands, in the manner prescribed by a prior act in relation to taking lands, passed March 29, 1816 [4 Laws N. Y. p. 52]. Laws

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

1818, c. 244 [p. 255]. This act of 1816 provided for the estimate, by commissioners, of the sums to be paid to the owners of the lands to be taken, for their loss and damage, and for a report thereon to the supreme court, and its confirmation of the same; all according to certain prescribed forms. The act of 1818 provided that, on the final confirmation of the report of the commissioners, and the payment of the sums which might be awarded by them, the corporation should become and be seised in fee-simple absolute of the said lands, or of so much thereof as might be described in the report. The requisite steps were taken in due form for estimating the amount to be paid to Mrs. Ann Rogers, then the owner in fee-simple of a portion of the said lands, and the amount was reported at $13,090. On the 14th of May. 1819, the report was confirmed by the court, and that amount was paid to Mrs. Rogers on the 1st of July, 1819. The corporation then took possession of the said lands of Mrs. Rogers, and occupied them for the use of the alms-house establishment until April, 1845, when they ceased to use them for that or any other public purpose, but caused them to be divided into lots and sold at auction. The defendant purchased on such sale, and received from the corporation a warranty deed for a part of the said lands of Mrs. Rogers, being the premises of which an undivided share was claimed by the plaintiff. and held the same under that title and no other. On the 15th of June, 1833, Mrs. Rogers devised to the plaintiff, and to her heirs and assigns, in fee-simple, one undivided eighth part of all her real estate, and died soon afterwards. The will was duly proved, and the plaintiff brought this suit to recover one undivided eighth part of the premises so purchased by the defendant. At the trial, a special verdict was taken, finding the foregoing facts.

William W. Van Wagenen, for plaintiff.

1. The act of 1818 purported to take from Mrs. Rogers the fee of her land. But, if it be construed according to the intent of all the parties, the estate to be taken was limited to the quality and quantity of estate necessary to the public use that was designed. Only a limited estate was necessary for that public use. The circumstances attending the passage of the act must be regarded in its construction. Livingston v. Harris, 11 Wend. 329, 338; Dwar. St. 701; Jerome v. Ross. 7 Johns. Ch. 315. 344. 2. The legislature, by virtue of the right of eminent domain, could take away so much of Mrs. Rogers' estate as the public necessity required, and no more. Vattel, p. 111; Gardner v. Village of Newburgh, 2 Johns. Ch. 162; Beekman v. Saratoga & S. R. Co., 3 Paige, 45, 72; Boston Water Power Co. v. Boston & W. R. Co., 23 Pick. 360, 394. Nor can private property be taken by the legislature for other use than that of the public. Beekman v. Saratoga &

S. R. Co., 3 Paige, 45, 72; Varick v. Smith, 5 Paige, 137. 159; People v. Morris, 13 Wend. 325, 328; Charles River Bridge v. Warren Bridge, 11 Pet. [36 U. S.] 420, 641; Bonaparte v. Camden & A. R. Co. [Case No. 1,617]; Sharp v. Johnson, 4 Hill, 92, 99; Taylor v. Porter, Id. 140. 3. The act of 1818 purported to divide the estate that was taken from Mrs. Rogers into two distinct parts—the one devoted to the public use, and the other given over in perpetuity to the corporation. So far as it is constitutional and regards the public use, the act will be sustained, though it is void for all beyond that. Jackson v. Mancius, 2 Wend. 357, 363; Jackson v. Cory, 8 Johns. 301; Jackson v. Catlin, 2 Johns. 248; In re Street, 11 Wend. 152; In re John and Cherry Streets, 19 Wend. 659; Taylor v. Porter, 4 Hill, 140. 147; Varick v. Smith, 5 Paige, 137, 159; Bloodgood v. Mohawk & H. R. R. Co. 18 Wend. 9. 4. The plaintiff is not estopped by the fact that Mrs. Rogers received the compensation awarded. The grant made in virtue of the act was only of the use of Mrs. Rogers' estate for an unlimited time, and her acceptance of the money can be held to imply no more than an assent to such a grant and use of the estate. 5. The title being valid in the corporation until the public use ceased, in 1845, the statute of limitations has no application.

Charles O'Conor, for defendant.

THE COURT held: 1. The right of eminent domain empowers the legislature to devote private property to public use, and the acts in question in this case did not exceed the rightful authority of the legislature.

2. In the exercise of that power, the legislature are the exclusive judges of the degree and quality of interest which are proper to be taken from an individual and dedicated to the public use, as well as of the necessity of taking it.

3. It must be assumed that the legislature judged it necessary, in the present case. to confer on the mayor, aldermen and commonalty of the city of New York an estate in fee-simple absolute in the premises in question, to answer the public use contemplated.

4. The grant cannot, under the terms of the act of 1818. be construed as a conditional fee or usufruct, leaving the possibility of a reverter to the original owner on the lapse of the particular use, but must be held to have vested the entire property forever in the corporation.

5. If a change in the destination of the property, after a continuance for twenty-six years of the use of it first contemplated, raises any interest or right on the part of the original owner, her heirs or devisees, it is of an equitable character, cognizable only in chancery, and not at law.

6. We do not pass upon the effect of the acceptance by Mrs. Rogers of the full consideration of the fee value, as an estoppel or

otherwise, nor upon the question as to the power of devising a possible reverter.

Judgment for defendant.