Dentó, J.
 

 The subject of highways and bridges on Long Island, is regulated by a statute passed in 1830, entitled “An act regulating highways and bridges in the counties of Suffolk, Queens and Kings ” (ch. 56). The system, in its general features, is similar to that established by the Revised Statutes for other parts of the
 
 State;
 
 but there are some discrepancies, and dpon item, I think,, the question in the present case may turn. By the Long Island act, the commissioners have power to lay out new roads without the consent of' the owners of the land through which they may run, upon the petition of twelve freeholder of the town, verified by oath or affirmation. (§§ 2, 47.) Nothing is said respecting their giving notice to any one of the hearing of-the application before them. Every person'conceiving himself aggrieved by a determination of the commissioners, either in laying out, or refusing to lay out a highway, may appeal to three judges of the Court of Common Pleas. (§ 66.) This jurisdiction is now vested in the County Judge under the present, Constitution. (Laws 1847, p, 642, § 27.) Where the determination appealed from, is against an application for laying, out a road, the judge is to,give notice of the time and place qf hearing the appeal, to the commissioners by whom such determination was made; and where the commissioners’ deteri mination was.in favor qf the application, notice is not only to given, to tjie. commissioners, but to one or more of the
 
 *597
 
 applicants for the road. (§ 69.) The proofs and allegations of the parties are to be heard, and where the appeal is from an order refusing to lay out a road, the judge is to lay it out in the same manner in which commissioner's are directed to proceed in like' cases. (§§ 71, 74.)
 

 It will thus be seen that the only notice which the statute requires to be given, in a case' like the present, is, pf the time and place of hearing the appeal, and that such notice is only required to be given to the commissioners who made the order appealed from. If the commissioners had been required to' give any notice of the hearing before them, then, when thé judge came to lay out the road, in consequence of his reversal of the order of the1 commissioners, he ought to give the same" notice, because he is required to proceed, in the’ performance of that duty, in the same manner in which the Commissioners were directed to proceed when the case was before them; but in the absence of ány provision for notice of the hearing before the commissioners, no such duty is required of the judge, It follows that, if the relators, as owners and occupants of the land which was to be taken for the road track, were entitled to notice of the hearing before the judge", it is in consequence of some general principle of law, and not because it is required by any provision of the statute. This is the view of the matter taken by the appellant’s counsel, for he expressly admits in his printed argument that there is nothing in the act requiring notice to be given to the' land owners.
 

 The question then is, whether' the State, ini the exercise of the power to appropriate the property of individuals to a public use, where the duty of judging of the expediency of making the appropriation, in a class of cases, is committed to public officers, is" obliged to afford to the owners of the property an opportunity to be heard before those officers when they sit for the purpose of making the determination. I do not speak now of the process for arriving at the amount of compensation to be' paid to .the owners, but of the determination whether under the circumstances of a particular cáse the property required for the purpose shall be taken or not; and I am of opinion that'the
 
 *598
 
 State is not under any obligation to make provision for a judicial contest upon that question. The only part of the Constitution which refers to the subject is that which forbids private property .to be taken for public use without compensation, and that which prescribes the manner in which the compensation shall be ascertained. It is not pretended that the statute under consideration violates either of these provisions. There is therefore no constitutional injunction on the point under consideration. oThe necessity for appropriating private property for the use of the public or of the government is not a judicial question. The power resides in the legislature. -It may be exercised by means of a statute which shall at once designate the property to be appropriated and the purpose of the appro-, priation; or it may be delegated to public officers, or, as it has been repeatedly held, to private corporations established to carry on enterprises in which the public are interested. There is no restraint upon the power, except that requiring compensation to be made. And where the power is committed to public officers, it is a subject of legislative discretion to determine what prudential regulations shall be established to secure a discreet and judicious exercise of the authority.
 

 The constitutional provision securing a trial by jury in certain cases, and that which declares that no citizen shall be deprived of his property without due process of law, have no application to the case. The jury trial can only be claimed as a constitutional right where the subject is judicial in its character. The exercise of the right of eminent domain stands on the same ground with the power of taxation. Both are emanations of the law making power. They are the attributes of political sovereignty, for the exercise of which the legislature is under no necessity to address itself to the courts. In imposing a tax or in appropriating the property of a citizen, or a class of citizens, for a public purpose, with a proper provision for compensation, the legislative act is itself due process of law; though it would not be if it should undertake to appropriate the property of one citizen for the use of another, or to confiscate the property of one person or a class of persons-, or a par-.
 
 *599
 
 ticular.description of property upon some view of public policy, where it could not be said to be taken for a public use.' (
 
 The People
 
 v.
 
 The Mayor of
 
 Brooklyn, 4 Comst., 419;
 
 Taylor
 
 v.
 
 Por
 
 ter, 4 Hill, 140;
 
 Wynehamer
 
 v.
 
 The
 
 People, 3 Kern., 378.)
 

 It follows from these views that it is not necessary for the legislature in the exercise of the right of eminent domain, either directly, or indirectly through public officers or agents, to invest the proceeding with the forms or substance of judicial process. It may' allow the owner to intervene and participate in the discussion before the officer or board to whom the power of determining whether the appropriation shall be made in a particular case, or it may provide that the officers shall act upon their own views of propriety and duty without the aid of a forensic contest. The appropriation of the property is an act of public administration, and the form and manner of its performance is such as the legislature shall in its discretion prescribe. In the case before us the act declares that the judge shall give notice to the commissioners of highways whose order is appealed from, and it is silent as to notice to any other person. The appellants and the commissioners are the only parties who are required to be convened on the hearing before the judge* or to have notice of that hearing, and it is their proofs and allegations only which the judge is obliged to hear. It was doubtless considered that the commissioners, who had officially decided against the act which the appellants were seeking to promote, would sufficiently represent the views upon that side of the question. But if we should think it was discreet1 that the land owners should have been furnished with notice and allowed to participate, still the act furnishes the rule, and the court has no power to change it.
 

 The counsel for the appellant relies upon the case of
 
 The People
 
 v.
 
 The Judges of Herkimer
 
 (20 Wend., 186), where it was held that a written notice of a hearing upon appeal before the judges in a case like the present, which was governed by the Revised Statutes, ought to be given; and the proceedings of the j udges were reversed for the want of such a notice. The case illustrates the difference between the general highway law
 
 *600
 
 and the system provided for Long Island in this respect, ■ The 61st "section of the general statute. (1 R. L., 514) provided that before the commissioners should determine to lay out the' highway, they should cause notice in writing to be given' to the occupant of the land through which it was to run, of the time and place at which they would meet to decide the appli* cation, and this notice was to be served three days before the time of meeting; and the 91st section declared that when the appeal to the judges was from a refusal to lay out a. road'and that determination was reversed; the judges should themselves lay out the road; and it is added that “in doing so they shall proceed in the same manner in which .commissioners of highways are directed to proceed in the like cases.” Hence it was plain that the judges ought to give the notice before laying but the road. It was also held, though that is not material here, that the notice should have been. given of the hearing of the appeal, since the decision to'reverse the order of the commissioners and to lay out the road was substantially the same thing; as the latter act necessarily resulted from the former. The difference between the cases is, that the Revised Statutes provide for. giving the notice, the want of which is here objected to, and the Long Island act does not. The judgment of the Supreme Court must be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.