Johnson, J.
The motion to set aside the .order appointing three commissioners on the petition of the respondents, was made upon the ground that the order was irregular, having been made ex-parte, without any notice to the appellants. The appellants had located their railroad through the lands of the respondents, and filed their map and profile as required by the railroad act, and given notice to the respondents of the route so designated by the appellants over the respondents’ lands. By the statute (section 22), “Any party feeling himself aggrieved by the proposed location may, within fifteen days after receiving notice as aforesaid, apply to a justice of the supreme court out of court, by petition, duly verified, setting forth his objections to the route designated; and the said justice may, if he consider sufficient cause therefor to exist, *138 appoint three disinterested persons, one of whom must be a practical engineer, to examine the proposed route, and, after hearing the parties, to affirm or alter the same, as may be consistent with the just rights of all parties and the public.”
The statute does not require any notice to be given of the application for the appointment of the commissioners, and we think the legislature did not intend that notice should be given, nor to give the corporation the right to appear and litigate before the judge the question of such appointment.
The statute provides for a hearing of all parties interested before the commissioners, before they can act, and this we think is all the notice or hearing the legislature intended to allow the corporation on the subject. The statute evidently was intended to give the landholder who felt aggrieved by the proposed location over his land, the absolute right to have commissioners of review appointed, and a hearing of the whole question of location before them.
It requires him to act promptly, and make his application within fifteen days from the service of the notice upon him, and evidently does not contemplate any hearing of the adverse party on such application. ¡No objection can be raised to the validity of the statute on this ground, as it was not necessary to make provision for a judicial contest upon that question. It does provide for notice and a hearing before the rights or interests of the parties concerned can be affected (People v. Smith, 21 N. Y., 595).
Having come to the conclusion that no notice is provided for by statute, and that none was necessary, the question, whether the order appointing the commissioners is only reviewable upon a common law certiorari,, or whether it is the subject of an appeal on motion in the supreme court at special term, is of no consequence, and need not be decided here. The order *139 wag regular, and the court at special term properly refuged to get it agide for irregularity.
The order appealed from ig, therefore, affirmed, with ten dollars cogtg of appeal.
Talcott, J., concurred.
Mtjllln", P. J., digsented.
Order affirmed, with cogtg.