UNITED STATES v. 170.88 ACRES OF
LAND, etc., IN FLOYD AND PIKE
COUNTIES, KY., et al.
No. 278.

United States District Court
E. D. Kentucky, Pikeville Division.
July 18, 1952.

Claude P. Stephens, Lexington, Ky., E. Preston Young, Louisville, Ky., John R. Dyer, Pikeville, Ky., for plaintiff.

Joe Hobson, Prestonsburg, Ky., for defendant.

SWINFORD, District Judge.

The case is before me on two motions by landowners Harve Spears and Daisy Spears. The first motion is to strike from the petition the allegations seeking a perpetual easement and right to flood the surface of the tract and the oil and gas thereunder. The motion apparently attacks the sufficiency in law of a right of eminent domain contained in paragraph number "c" on page 3 of the petition.

The motion to strike was filed on April 18, 1951. On July 3, 1952, the same party landowners filed a motion to strike from the record the plaintiff's brief opposing their motion to strike from the petition the paragraph referred to in the preceding paragraph of this memorandum.

I will take these motions up in inverse order of their dates of filing.

The motion to strike the brief should be overruled. While it is unfortunate that a copy of the brief was not furnished the attorney for the landowners, I do not feel that any injustice was done the landowners or that their rights were in any wise affected by such failure. I have insisted at all times that anything offered in the record should reveal on its face that opposing counsel had full notice and a copy where at all possible. I cannot believe that counsel for the petitioner sought to take advantage of the attorney for the landowners. The motion to strike was filed on April 18, 1951, and the record was awaiting the landowners' brief in support of the motion. No brief was filed and, according to the response to the motion to strike the brief, the petitioner on *May 15, 1952,* nearly thirteen months later, filed its brief in the hope that it would bring the issue to a head. This, however, does not excuse the attorneys for the United States for not furnishing a copy of the brief to counsel for the landowners until after the motion to strike the United States' brief had been filed. The

brief for the Government was not due until the landowners' brief was filed. Possibly the court was in error in not putting all the parties on terms. At any rate, I do not feel that the attorneys for the petitioner should be penalized to the extent of striking their brief from the record. In the future, however, they must meticulously observe the requirement that copies be furnished, simultaneous with the filing, to opposing counsel.

With reference to the first motion of the landowners, the court can but point to the statute, 40 U.S.C.A. § 258a, which among other things recites that the United States may by proper proceedings acquire "any land or *easement* or right of way in land for the public use," etc. (Italics mine.)

Eminent domain is a right of sovereignty. It is not dependent upon constitutional authority. Boom Company v. Patterson, 98 U.S. 403, 25 L.Ed. 206. The needs of the sovereign for private property are to be determined by the Congress. The court is merely the instrument through which the sovereign acts. This court has no judicial discretion except to apply the Act of Congress.

The following quotation from United States v. Certain Parcels of Land in Fairfax County, Virginia, D.C., 89 F.Supp. 567, 570, fully states the whole law by which the court is bound in this case:

"As was said in Shoemaker v. United States, 147 U.S. 282, 298, 13 S.Ct. 361, 390, 37 L.Ed. 170: 'The adjudicated cases likewise establish the proposition that, while the courts have power to determine whether the use for which private property is authorized by the legislature to be taken is in fact a public use, yet, if this question is decided in the affirmative, the judicial function is exhausted; that the extent to which such property shall be taken for such use rests wholly in the legislative discretion, subject only to the restraint that just compensation must be made.'

"See also United States v. Gettysburg Electric Co., 160 U.S. 668, 685, 16 S.Ct. 427, 40 L.Ed. 576. In other words, it seems to me to be the law that it is beyond the judicial function to determine that a fee simple, subject to an easement, is sufficient for the Government's purposes, when the Government, in carrying out legislative purposes, asserts that nothing less than the fee simple would be adequate. See Roanoke City v. Berkowitz, 80 Va. 616, 623: 'The view thus expressed is fully supported by the adjudged cases, which hold that the question as to the degree or quantity of interest to be taken is, like other political questions, exclusively for the legislature; and that when the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance. De Varaigne v. Fox, Fed.Cas.No. 3,836, 2 Blatchf. 95; People v. Smith, 21 N.Y. 595; Boom Company v. Patterson, 98 U.S. 403, (25 L.Ed. 206); United States v. Jones, 109 U.S. 513 (3 S.Ct. 346, 27 L.Ed. 1015); Beekman v. S(aratoga &) R. Co., 3 Paige 45, 22 Am.Dec. 679, and cases cited in the note, p. 692.' "

The motions to strike must be overruled. An Order is entered to that effect today.