LEON D. DE MATTEIS, Plaintiff, *v.* TOWN OF HEMPSTEAD et al., Defendants.

Supreme Court, Special Term, Nassau County, May 18, 1955.

*Ferdinand I. Haber* for plaintiff.

*John A. Morhous, Town Attorney,* for Town of Hempstead, defendant.

*G. Burchard Smith, County Attorney,* for County of Nassau.

CHRIST, J. In this action the plaintiff seeks to prevent the Town of Hempstead from going forward with a proceeding to acquire his property by condemnation pursuant to the procedure prescribed by the Nassau County Administrative Code. The complaint contains two separate causes of action. In the first of these, plaintiff seeks a judgment declaring null and void all proceedings thus far taken by the town in attempting to acquire his land and granting injunctive relief against any future steps toward acquisition. The first cause of action is based upon the claim that the provisions of the Nassau County Administrative Code (L. 1939, ch. 272, as amd.) are unconstitutional under both State and Federal Constitutions in that they deprive the plaintiff of his property without due process of law and deny him the equal protection of the laws. It is plaintiff's contention that the claimed constitutional invalidity arises from the fact that the taking of his land is without proof that such taking is necessary or for a genuine public purpose. He contends further that unconstitutionality is present because the condemnation statute fails to make provision for personal service of the notice to condemn or the condemnation petition upon the property owner.

The second cause of action is brought pursuant to section 51 of the General Municipal Law. It proceeds upon the theory that because of the unconstitutionality of the condemnation statute, the acts of the town and its officials thereunder have been illegal to date and any further acts directed at condemning plaintiff's property will likewise be tainted with illegality and should therefore be restrained. It is thus evident that both causes of action have as their underlying theory the alleged invalidity of the condemnation provisions of the Nassau County Administrative Code.

The defendants move to dismiss the complaint upon the grounds (1) that it fails to state facts sufficient to constitute a cause of action and (2) that there is another proceeding pending in which the plaintiff has raised the same questions and issues, namely, the condemnation proceeding itself wherein the property owner has moved to dismiss the petition and for a stay.

To the extent that plaintiff alleges the unconstitutionality of the condemnation statute by reason of its failure to provide for personal service of the notice to condemn or the condemnation

petition, the court holds that the complaint is insufficient (*People ex rel. Herrick* v. *Smith*, 21 N. Y. 595; *Matter of Mayor of City of N. Y.*, 99 N. Y. 569).

It remains to consider plaintiff's contention that there is a violation of his constitutional rights because the town is seeking to take his property without proof that the taking is necessary or for a public purpose. Upon the argument of this motion it was agreed that certain resolutions adopted by the town board as well as certain maps of the affected area might be considered by the court. The resolutions have been submitted as part of the plaintiff's memorandum in opposition to this motion and plaintiff has also furnished the maps. Some comment about these resolutions and maps is required in arriving at a determination on this motion.

It is alleged in the complaint that about February 18, 1953, the town acquired by purchase *for park purposes* a parcel of land of approximately four and a half acres consisting in part of a sand pit and in part of a pond or lake of considerable depth. That parcel acquired by purchase, it may be noted, is adjacent to the property which is now sought to be condemned by the town so as to provide access to the four and a half-acre parcel. It is further alleged that in connection with such purchase the town board directed the town engineer to prepare a map which, as prepared and filed, declared that the area to be acquired by purchase was to be acquired for park purposes. It is then alleged, in substance, that in the preamble to the resolution authorizing the purchase, the four and a half-acre parcel was referred to as an abandoned sand pit and that the resolution recited that the acquisition of the parcel was for the purpose of filling in the pit. Relying on differing statements of purpose as expressed in the resolution and on the map prepared by the town engineer, the plaintiff accuses the town board of having deceived the neighboring community into believing that the acquisition of the four and a half acres was for park purposes whereas, plaintiff claims, the real purpose of the town board was merely that of filling in the abandoned sand pit. It is upon this alleged inconsistency of language as to the town's purpose that plaintiff founds his claim that the acquisition by purchase of the sand pit was not for a public purpose and, in turn, that the condemnation of his property to give access to the sand pit is not for a public purpose.

The court finds these contentions of the plaintiff lacking in merit. In purchasing the abandoned sand pit the map prepared

by the town engineer possessed no critical significance. It is not claimed, as indeed it could not be, that the map had a procedural importance similar to that of a map which must be filed as an opening step in a condemnation proceeding. There the map is jurisdictional whereas in this acquisition by purchase the map was no different than the map that an ordinary purchaser of land would obtain from a surveyor. It was useful and informative to the town board because it delineated the land it was buying, but it was not an essential element in the exercise of the town board's power to acquire the land by purchase. What was necessary was the resolution adopted by the town board authorizing the purchase of the sand pit. If the legend inscribed on the map as to the purpose for which the sand pit was being acquired is at variance with the terms of the resolution required to authorize the purchase, then it is clear that the language of the resolution must prevail. This is so not only because the map represents no indispensably required part of the procedure for purchasing the land but also because the resolution itself makes no reference whatever to the map. The resolution's language makes unmistakably clear that the town's purpose in buying the abandoned sand pit, was to end a threat to public safety caused by the existence of the sand pit filled with water. The resolution discloses on its face the public purpose underlying the purchase of the four and a half acres of land.

The condemnation proceeding has for its purpose acquiring title to land required to provide access to the sand pit. In the resolution of November 30, 1954, authorizing condemnation the sand pit previously acquired by purchase is referred to as " the disposal area " and reference is made to the necessity for gaining access thereto " for purposes of filling in the sand pit thereat and for any future uses ". This declared purpose as stated by the town board is entirely consistent with the declared purposes stated in the resolution which authorized the purchase of the sand pit. The condemnation resolution clearly shows on its face the public purpose for which the condemnation is being undertaken as well as the necessity therefor. The determination of the town board as embodied in this resolution was legislative in character. The purpose as stated in the resolution was public in nature and the town has power to acquire property by condemnation for such purpose (Town Law, § 64, subd. 2). In *Matter of Hicks Development Corp.* v. *Incorporated Village of Lawrence* (282 App. Div. 1048), the court had under consideration a village condemnation procedure not unlike that involved

in this case. The court stated (p. 1049): " Courts accept as fact that which is expressed in an act to be the legislative purpose unless from the face of the act or from facts which may be judicially noticed it is made to appear that the taking is not for the expressed purpose. (*Waterloo Woolen Mfg. Co.* v. *Shanahan,* 128 N. Y. 345; *Matter of Public Service Comm.,* 217 N. Y. 61, 69.)" In the present case it neither appears on the face of the resolution nor from facts of which the court may take judicial notice that the taking is not for a purpose expressed in the resolution.

The court concludes that the complaint fails to state a cause of action and the motion to dismiss for insufficiency is granted. In view of this disposition of the complaint, it is unnecessary to consider the additional ground urged by the defendants for dismissal of the complaint.

Settle order on notice.