[Civ. No. 10149. Third Dist. July 18, 1961.]

ROBERT E. REID et al., Appellants, v. STATE OF CALIFORNIA ex rel. Department of Public Works et al., Respondents.

H. D. Jerrett for Appellants.

Robert E. Reed, Harry S. Fenton, Robert F. Carlson and Kenneth G. Nellis for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment of dismissal and also from an order denying appellants' motion to tax costs. The complaint sought to enjoin the respondents from acts of alleged trespass upon appellants' property in connection with the construction of a service road adjacent to United States Highway 50. By means of an order to show cause appellants sought a preliminary injunction restraining respondents from acquiring property and other incidental acts necessary for the construction of the service road. Prior to the return date of the order to show cause, respondents generally and specially demurred and also filed their verified answer to the complaint. Subsequently, the trial court entered a formal order denying the preliminary injunction and by minute order the general demurrer was sustained without leave to amend. Judgment was entered dismissing the complaint and ordering that the State of California, acting through the Department of Public Works, Division of Highways, have and recover its costs of said suit, including reasonable counsel fees, in the sum of $200. Respondent filed a memorandum of costs, which included the $200 attorneys' fees. Appellants moved to retax costs, alleging that the attorneys' fees were not legally chargeable as costs. This motion was denied by minute order.

Appellants contend that the trial court erred in rendering judgment of dismissal, refusing to grant the preliminary injunction, and in allowing the State of California attorneys' fees.

The complaint, in substance, alleges that appellants are

---

*Assigned by Chairman of Judicial Council.

citizens of the State of California and residents of El Dorado County; that they are landowners and taxpayers and as such bring the action in their own behalf and in behalf of all other taxpayers of El Dorado County and the State of California; that appellants are the owners of property adjacent to and fronting on United States Highway 50 (State Legislative Route 11) which is a freeway at that location; that a high bank and heavy wire net fence separate the highway from the properties and for said reason there is no danger of collision due to vehicles entering the highway from the adjoining properties; that at the rear of appellants' property there exists a public road known as "Ponderosa Road," which is 30 feet wide and which road is located 200 feet from the freeway and runs parallel thereto; that at each end "Ponderosa Road" connects with United States 50 freeway by cross roads.

It is further alleged, in substance, that the respondents, working in their various capacities, adopted and designed a local service road to run between the freeway and "Ponderosa Road," parallel to each, across appellants' property, and thereby threatened to take from appellants their ownership of the property involved. The complaint further alleged that the respondents have no authority under Streets and Highways Code, section 145, to select and adopt a service road which will take appellants' property. Further, it is alleged that respondents' acts will result in an added cost of $250,000 out of public funds for the creation of two closely parallel public roads usable for the same purpose and will result in the unlawful removal from the property tax rolls of the county of El Dorado of approximately 1¼ acres of highly valuable land. Finally, it is alleged that the construction of the service road as planned will destroy the usefulness of appellants' remaining land and will cause irreparable injury and that, unless respondents are restrained, a multiplicity of suits will result.

The verified answer alleges the right of respondents to enter upon the appellants' property pursuant to Code of Civil Procedure, section 1242; the right and authority to select and adopt a freeway and lay out and construct local service roads. The answer further alleges that the use of "Ponderosa Road" as a local service road is not for the greatest public good and at the least private injury, and would cost more than the road proposed by the respondents; also, that the roads proposed by the appellants as local service roads are less than 40 feet wide and not of sufficient width as required by sections 73 and 160 of the Streets and Highways Code to use

as service roads and, therefore, would require the acquisition of additional rights of way costs for the service road proposed by the respondents.

 There is no merit in plaintiffs' contention that there is no authority to locate a service road "outside" the freeway. It is clear that respondents have the authority in this instance to construct the service road along the side of United States Highway 50. The source of power over State highways is found in article IV, section 36, of the California Constitution, which provides in part:

"The Legislature shall have power to establish a system of State highways or to declare any road a State highway, and to pass all laws necessary or proper to construct and maintain the same . . . ."

 The Supreme Court of California, commenting upon this constitutional provision in the case of *Holloway* v. *Purcell,* 35 Cal.2d 220, 228 [217 P.2d 665], stated: ". . . This provision [Cal.Const., art. IV, § 36] is designed solely to authorize the establishment of a state highway system; it cannot be construed as including an unwritten provision that the highways once established can never be relocated even though relocation is required by changed conditions."

 Pursuant to this constitutional provision the Legislature has authorized the California Highway Commission to order or change the location of any state highway, if in the opinion of the commission such authorization or change is for the best interest of the state (Sts. & Hy. Code, § 71), and to direct, adopt and determine the location for state highways or routes authorized by law. (Sts. & Hy. Code, § 75.) United States Highway 50, which is State Legislative Route 11, is described in Streets and Highways Code, section 311; and section 90 authorizes the Department of Public Works to lay out and construct all state highways between the termini designated on the most direct and practicable locations as determined by the commission. It is thus apparent that the California Highway Commission is vested with wide discretion in the exercise of these powers.

The Department of Public Works is authorized to condemn real property for state highway purposes upon the adoption of a resolution by the California Highway Commission. (Sts. & Hy. Code, § 102.) The resolution of the commission is *conclusive evidence* of the fact that the "proposed public improvement is planned or located in a manner which will be

most compatible with the greatest public good and the least private injury.'' (Sts. & Hy. Code, § 103, subd. (c).)

Other pertinent provisions were summarized in *People* v. *City of Los Angeles,* 179 Cal.App.2d 558, 566 [4 Cal.Rptr. 531] : ''. . . Sections 100.1, 100.2, and 100.3, Streets and Highways Code, authorize the State Highway Commission to designate, construct and maintain freeways on 'such terms and conditions as in its opinion will best subserve the public interest,' and 'to do anything else necessary to the maintenance of a state highway system' . . . . The power to establish and maintain a state highway system by the designation of freeways under the 'policy of freeway construction in the public interest' adopted by the state Legislature, has been properly and validly delegated by it to the State Highway Commission (*Holloway* v. *Purcell, supra,* 35 Cal.2d 220, 231-232) ; . . .''

Streets and Highways Code, section 145, reads as follows: ''The State Highway Engineer is authorized to lay out and construct local service roads on and along any State highway where there is particular danger to the traveling public of collision due to vehicles entering the highway from the side or sides thereof and to divide and separate any such service road from the main thoroughfare by raised curbs or dividing sections or by other appropriate devices.''

The section further makes it unlawful for any person to drive any vehicle into the main thoroughfare from any such service road except through an opening in the said dividing curb or dividing section or dividing line.

Appellants contend that section 145 is a special statute and the words ''on and along'' are synonymous. Therefore, it is contended, none of the respondents is given authority to lay out and construct a local service road outside of the established boundaries of a state highway. The argument overlooks the wide discretion granted which authorizes the construction and relocation of state highways. Relocation and construction necessarily include the power to widen state highways and freeways. In effect, appellants' argument is a *non sequitur,* as local service roads are a part of the freeway though separated from the main traveled roadway. As stated in *Navajo Freight Lines, Inc.* v. *Shafer,* 179 Cal.App.2d 188, 193 [3 Cal.Rptr. 523] :

''. . . Section 144, Streets and Highways Code, authorizes the state highway engineer to divide or separate any state highway into separate roadways. Section 145 thereof provides authority to construct local service roads on and along such

highways and to separate and divide such service roads from the main thoroughfare by raised curbs or dividing sections or by other appropriate devices . . . . It therefore appears from this general language that the highway itself consists of all the various lanes.''

Nor is there any merit in appellants' contention that respondents should have adopted ''Ponderosa Road'' as the local service road. ▐ That contention is answered in *People* v. *Chevalier*, 52 Cal.2d 299, 307 [340 P.2d 598], where the court stated:

''. . . [T]he questions of the necessity for making a given public improvement, the necessity for adopting a particular plan therefor, or the necessity for taking particular property, rather than other property, for the purpose of accomplishing such public improvement, cannot be made justiciable issues even though fraud, bad faith, or abuse of discretion may be alleged in connection with the condemning body's determination of such necessity. To hold otherwise would not only thwart the legislative purpose in making such determinations conclusive but would open the door to endless litigation, and perhaps conflicting determinations on the question of 'necessity' in separate condemnation actions brought to obtain the parcels sought to carry out a single public improvement. ▐ We are therefore in accord with the view that where the owner of land sought to be condemned for an established public use is accorded his constitutional right to just compensation for the taking, the condemning body's 'motives or reasons for declaring that it is necessary to take the land are no concern of his.' (*County of Los Angeles* v. *Rindge Co., supra,* 53 Cal.App. 166, 177 [200 P. 27], aff'd *Rindge Co.* v. *County of Los Angeles,* 262 U.S. 700 [43 S.Ct. 689, 67 L.Ed. 1186].)''

We conclude that the trial court properly sustained the general demurrer without leave to amend and therefore the judgment of dismissal was proper.

Since we have concluded that the judgment of dismissal was proper the question concerning the propriety of the trial court's refusal to grant a preliminary injunction is moot.

▐ Appellant's contention that there was no legal judgment entered in the case and therefore his motion to retax costs and attorneys' fees should have been granted is without merit. The minute order sustaining the respondents' demurrer without leave to amend was sufficient to sustain the

entry of a judgment. It was the normal method of resolving such issue in favor of the defendant. (*Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P.2d 8].)

Nor is there any merit in appellants' contention that Government Code, section 647 (formerly § 16047) is unconstitutional. The section provides:

"At the time of filing the complaint in any action against the State, the plaintiff shall file therewith an undertaking in such sum, but not less than five hundred dollars ($500), as a judge of the court shall fix, with two sufficient sureties, to be approved by a judge of the court. The undertaking shall be conditioned upon payment by the plaintiff of all costs incurred by the State in the suit, including a reasonable counsel fee to be fixed by the court, if plaintiff fails to recover judgment in the action."

In *Vinnicombe* v. *State*, 172 Cal.App.2d 54, 58 [341 P.2d 705] (petition for hearing by Supreme Court denied), wherein appellants contended that section 16047, now section 647, is unconstitutional and void, the court said:

"The question thus becomes does the requirement of an undertaking to secure the payment of costs and a reasonable attorney's fee to the state in the event the plaintiff fails to recover a judgment impair the plaintiff's remedy to enforce his constitutional right to damages or place an unreasonable burden upon him in the enforcement of that right? We have concluded that it does not." (See also *Rio Vista Gas Assn.* v. *State*, 188 Cal.App.2d 555, 564 [10 Cal.Rptr. 559].)

Finally, appellants contend that the State of California is not a party to the action and was named in the caption by inadvertence. However, in the body of the complaint appellants allege they were taxpayers of the State of California; that the respondent Bradford was the Director of the Department of Public Works; that respondent Womack was State Highway Engineer and Chief of the Division of Highways of the State of California with authority to "lay out and construct State Highways, State Highway Freeways, . . . "; and that on several occasions in April, and on two occasions in May 1960, right of way agents of the office of defendant Mulcahy, District Right of Way Agent, and "under his supervision and direction, called on each of said plaintiffs, and informed each of them, that the State of California required and would appropriate a strip of land off the front of their properties."

When the State of California appeared in the action by way

of demurrer and answer and raised appellants' failure to file a bond to secure their costs and the reasonable attorneys' fee, the appellants did not then contend that the state was not a party. Further, in this case the service of summons on the Director of Public Works was not only service on respondent Robert B. Bradford, as Director of the Department of Public Works, but was also service upon the respondent, State of California. (Gov. Code, § 648, formerly § 16048.)

The judgment and the order denying appellants' motion to tax costs are affirmed.

Van Dyke, P. J., and Peek, J., concurred.