### Nash v. Gibson, Executor.

1. EVIDENCE: LOSS OF INSTRUMENT: EXECUTOR: Section 3982 of the Revision of 1860, does not exclude the oath of the plaintiff in an action against an administrator, as to the loss of the instrument, which is the basis of the action, when the facts transpired before the death of the intestate. The prohibition of said section is intended to apply when the party offers himself as a witness to prove facts, the knowledge of which is not, from their nature, confined to himself.

2. SAME: OF CONVERSATION. When a witness testified, in an action against an executor, to a conversation with the intestate, but stated that he could not remember the entire conversation. *Held*, that the Court did not err in refusing to exclude the evidence of the witness. *Mays v. Deaver*, 1 Iowa, 216; *The State of Iowa v. Elliott*, 15 Id.

3. PROMISSORY NOTE: PRESUMPTION AGAINST. A mere lapse of five years' time after the maturity of a promissory note does not, in the absence of other circumstances, raise a presumption that it has been paid, or that the debt, of which it is the evidence, never had an existence.

*Appeal from Linn District Court.*

THURSDAY, JUNE 9.

PLAINTIFF seeks to recover upon a lost note. Judgment for plaintiff, and defendant appeals. For the material facts see the opinion.

*Thomas Corbett* for appellant.

*John Mitchell* for appellee.

WRIGHT, C. J.—I. On the trial before a jury, plaintiff was offered as a witness to establish the loss of the note, and its date and amount. He was allowed to give such testimony to the Court, but not to the jury, to which defendant objected, upon the ground that the adverse party was an executor, and the facts elicited transpired before the death of the promisor, and this is the first matter demanding attention.

Section 3982 of the Revision of 1860, which contains the exception to § 3980 (and which exception is relied upon by appellant), was not intended to innovate upon or change the common-law rule, that a party to the record may be allowed to prove facts, which, from their nature, he alone would be likely to know. When it is declared by the exception, that "no person (party) shall be allowed to *testify,* where the adverse party is the executor of a deceased person, when the facts to be proved transpired before the death of such deceased person," it is meant that he cannot be used as a general witness, or as witnesses are generally used; and it was not intended to exclude the oath of the party as to the loss of an instrument, such evidence being received from necessity and the nature of the subject. (1 Greenl., §§ 349, 558, and note 1 to each section.)

II. A witness was called and testified to all that he could recollect of a conversation had with deceased, upon the subject of her indebtedness to plaintiff, but stated that he could not state all that she said. Defendant moved to exclude this testimony, for the reason that witness did not recollect all the conversation. The action of the Court in refusing to exclude the testimony was clearly correct. (See this question discussed in *Mays* v. *Deaver,* 1 Iowa, 216; and *State* v. *Elliott,* 15 Id.)

III. However correct the third instruction asked by defendant might.be, as a general proposition, it was properly refused under the circumstances of this case. .If it had been.given, the jury could not consistently have rendered ·any other verdict than they did.  The only effect would have been to confuse and direct their attention to a matter which really had no legitimate place in their deliberations. By this instruction, it was attempted to get before them something of the doctrine of presumption of payment from lapse of time, or against the original existence of the debt. The note, however, was overdue only a little more than five years at the time the claim was filed in the County Court, and there was no single circumstance to couple with this not very unusual lapse of time, justifying the inference of payment, or the non-existence. of the note.  On the contrary, all the circumstances were in perfect harmony with the original.and continuing liability.  In this attitude of the case, and waiving any objection to the language employed in the instruction, considered as a general proposition, we cannot say there was error in refusing it.

Entertaining the views above expressed, we need hardly add that the verdict was not against the weight of evidence, and that the motion for a new trial, based upon this ground, was properly overruled.

Affirmed.