## CUMMINS v. HULL'S ADMR.

1. **Books of account: EFFECT OF IN EVIDENCE: WHERE ADVERSE PARTY IS EXECUTOR.** A book of account, when admitted, assumes the character of written evidence, the purport of which cannot be changed by parol.

2. —— It is accordingly *held,* where on the debit side of the account there were entries like the following: "By cash in money," "To cash in money," that the evidence of the person offering the books was not, where the adverse party was an executor, admissible to show that the word "By" thus occurring in such entries was used by him in the sense of "To."

3. —— CASH ITEMS. Books of account are not admissible for the purpose of proving cash items, as "for money loaned" or "money paid," unless it is shown that the person offering the books is engaged in a business to justify such charges, as that of banking or receiving money on deposit and paying it out.

*Appeal from Wapello Circuit Court.*

TUESDAY, OCTOBER 29.

THIS is a proceeding in the circuit court upon a claim filed by plaintiff against the estate of E. Hull, *deceased.*

The court refused to allow the claim and rendered judgment for defendant for costs. Plaintiff appeals. The further necessary facts are stated in the opinion.

*D. C. Beaman* for the appellant.

*H. B. Hendershott* for the appellee.

MILLER, J. — The claim of the plaintiff is based on a book account for goods sold and delivered and for cash paid to deceased. The defendant denied all the cash charges except one for $20, and admitted the charges for merchandise except a coat charged at $10, and an order to another party for $3 ; also denying the correctness of the credit side of plaintiff's account, and claimed a set-off and balance due the estate.

The cause was tried to the court. On the trial the plaintiff was sworn and made preliminary proof of his books, and they were admitted subject to the defendant's right to object to their competency in respect to a portion of the charges. On the debit side of the account there were entries as follows : " By cash in money," " To cash in money," etc. It was proposed to prove by the plaintiff as a witness that the word " By " thus occurring in the account was used by him in the sense of " To," and that such entries were intended as *charges* against the deceased and not as credits, and that the plaintiff did not know the difference in meaning between these words and used them indiscriminately, to which defendant objected, and the objection being sustained this ruling is assigned as error.

Section 3982 of the Revision, which excludes *parties* who are rendered generally competent to testify (by section 3980), in cases where the adverse party is an executor or administrator, was not intended as a restriction upon the rules of evidence, with respect to the competency of witnesses as they existed prior to the enactment of this statute. In other words, wherever a party to the record was competent to prove a particular fact by the former rules of evidence, he is not rendered incompetent by section 3982. *Nash* v. *Gibson, Executor,* 16 Iowa, 305 ; *Sykes* v. *Bates,* 26 id. 521.

The inquiry, therefore, arises whether the proposed evidence, prior to this statute, would have been competent, or

would the plaintiff have been a competent witness to prove the proposed facts?

By the common law the *shop books*, or books of account, when the entries therein were made by a clerk, were admissible in evidence to prove the sale and delivery of goods, etc. They were received in evidence, when it was shown that the books were kept for the purpose of such accounts, and the entries were shown to have been made contemporaneous with the delivery of the goods, and made by the person whose duty it was to make them. See 1 Greenl. on. Ev., § 117, and cases cited in notes. In this country the principle has been extended so as to admit the books when the entries therein have been made by the party himself. See 1 Greenl. Ev., § 118, and cases cited in note 2. The rules of the several States in regard to the admission of books of account are not entirely uniform, but they concur in requiring that, before the books are admissible, they must be shown to be a register of the daily business of the party and to have been justly and honestly kept. In this State the competency of the books and the rules respecting their admission in evidence is regulated by statute.

Section 3999 of the Revision provides, that "books of account containing charges by one party against the other, made in the ordinary course of business, are receivable in evidence, only under the following circumstances, subject to all just exceptions as to their credibility:

" 1. The books must show a continuous dealing with persons generally, or several items of charge at different times against the other party, in the same book or set of books.

" 2. It must be shown by the party's oath or otherwise that they are his books of original entry.

" 3. It must be shown in like manner that the charges were made at or near the time of the transactions therein

entered, unless satisfactory reasons appear for not making such proof.

" 4. The charges must also be verified by the party or the clerk who made the entries, to the effect that they believe them to be just and true, or a sufficient reason must be given why such verification is not made."

This preliminary proof being made, the books are then admitted and become evidence. There is nothing in the provisions of the statute authorizing proof that the language used in making the entries in the book may be shown to mean something different from what it imports. After the book has been admitted it is not competent for the party offering it to contradict it. The book when admitted becomes evidence — written evidence — and should speak for itself. When the book is admitted it becomes the witness, and to allow the party to come to its assistance and prove what it says, means the very opposite, is to permit the party to be substituted for the book. This he could not do before the enactment of the statute making parties witnesses, and this is what section 3982 prohibits when the opposite party is an executor or administrator, and the facts to be proved transpired before the death of the deceased. There was no error, therefore, in excluding this evidence.

II. It is next assigned as error that the court refused to admit the book to prove the payment of cash as charged therein. The question, whether a charge for "money paid" or "money lent," can be proved by the books of account of the party making the charges, received an exhaustive examination by this court in *Veiths* v. *Hagge*, 8 Iowa, 163, and it was there held that such charges could not be thus proved ; that the payment or loan of money is not usually the subject of book charges in an account, and that the charges which may be thus proved are such only as are made in the ordinary course of business. In *Young* v. *Jones*, id. 220, the same doctrine is maintained, and it is

further held that to render the books of account of a party competent to prove the payment of money, the party offering them must show that he is engaged in a business to justify such charges, as that of the business of banking; or of receiving money on deposit and paying it out for others; that "if the payment or loan of money constituted, in any just sense, the ordinary business of the party, and the charges of money paid were made *in* the ordinary course of his business, he may justly claim the right to prove them by his books, but not otherwise." To the same effect is *Sloan* v. *Ault*, id. 230.

In the case before us the plaintiff does not bring himself within the rule established by these cases. He does not show that " the payment of money constituted, in any just sense," the ordinary business in which he was engaged at the time of making the charges. There was, therefore, no error in the ruling of the court in the rejection of the book to prove the cash charges; and its judgment is not inconsistent with the evidence before it; and will be

Affirmed.