## In re INDEPENDENT THREAD CO.

(District Court, D. New Jersey. March 24, 1902.)

INVOLUNTARY BANKRUPTCY—CORPORATIONS—RIGHT TO FILE PETITION.

A corporation, not being entitled to go into voluntary bankruptcy under Bankr. Act, § 4, and not being subject to involuntary bankruptcy, except on petition of three of its creditors, under section 59, cannot procure one of its creditors to assign part of its claim to third persons in order to create a sufficient number of creditors to join in an involuntary petition, its other creditors not being willing to file such petition.

In Bankruptcy.

Dill & Baldwin, for petitioners.

Robert M. Boyd, Jr., Ward Church, and Arthur H. Bissell, for James E. Mitchell.

KIRKPATRICK, District Judge. It appears from the testimony produced before the court in this cause that the Independent Thread Company was indebted to the Hartford Thread Company in about $6,000; that it was desirous of having its assets distributed in accordance with the provisions of the bankrupt act; and that for that purpose its directors passed a resolution setting out that it was unable to pay its debts, and expressing its willingness that an adjudication should be made. Under section 4 of the bankrupt act, the Independent Thread Company was not entitled to its benefits as a voluntary bankrupt. Neither could it, under section 59, be adjudged an involuntary bankrupt except upon the petition of three of its creditors. The Hartford Thread Company alone could not procure an adjudication of bankruptcy. So, acting under the advice of counsel who was also counsel for the Hartford Thread Company, the Independent Thread Company executed and delivered to the Hartford Thread Company its two promissory notes, of $100 each, to be credited in part payment of its indebtedness to the Hartford Thread Company. Thereupon immediately, and, as was testified to by counsel, for the sole purpose of qualifying them as creditors of the Independent Thread Company, the Hartford Thread Company indorsed the said notes, and delivered them, one each, to Messrs. Brown and Hawkins, who thereupon joined in filing the petition for this adjudication of bankruptcy. The alleged act of bankruptcy consists of a resolution of the board of directors of the Independent Thread Company admitting the inability of the company to pay its debts.

It will be seen that the Independent Thread Company was desirous of being adjudicated bankrupt. This it could not accomplish by filing a petition on its own behalf, and a sufficient number of creditors were not willing to file a petition asking that they be adjudged bankrupt. Therefore, acting in co-operation with the Hartford Thread Company, the plan above set out was adopted for the purpose of creating them.

Obviously, this petition was filed by the procurement of the Independent Thread Company. All the steps which enabled it to be filed were taken at the instigation of their counsel, and at their request, for the purpose of evading the requirements of the statute. For this and other reasons objection is filed by intervening creditors to an adjudication of bankruptcy, and I am of the opinion that the objection is well taken. If an adjudication were made under these circumstances, it would, in effect, amount to a nullification of that part of section 4 of the bankrupt act above referred to, and permit a corporation, by acting in collusion with a single creditor, to obtain the benefits of the law which the legislature saw fit to deny them.

Let an order be entered dismissing the petition.