## In re C. JUTTE & CO.

## Appeal of GRIBBLE et al.

### (Circuit Court of Appeals, Third Circuit.   June 19, 1919.)

### No. 2424.

1. BANKRUPTCY ⬦⟶88(2)—INTERVENTION—PETITION.
     A petition to intervene in a bankruptcy case, after an order of adjudication or dismissal has been made, is addressed to the discretion of the court.

2. BANKRUPTCY ⬦⟶99—DISMISSAL OF PETITION—WHAT CONSTITUTES.
     Though a court of bankruptcy expressed an opinion indicating its purpose to dismiss an involuntary petition, yet where no order of dismissal was drawn, as directed by the opinion, the petition in bankruptcy is not dismissed, and remains pending.

3. BANKRUPTCY ⬦⟶88(2)—INTERVENTION—RIGHT TO INTERVENE.
     Where no order dismissing an involuntary petition in bankruptcy had been entered, though the trial court had expressed the opinion that it should be dismissed, held that, under Bankruptcy Act July 1, 1898, § 59f (Comp. St. § 9643), declaring that creditors other than the original petitioners may at any time enter their appearance and join in the petition, such creditors might intervene, regardless of their laches, so long as the petition has not been formally dismissed.

Appeal from the District Court of the United States for the Western District of Pennsylvania;  W. H. Seward Thomson, Judge.

In the matter of the bankruptcy of C. Jutte & Co.   From an order dismissing the petition of E. B. Gribble and another, creditors, for leave to intervene, they appeal.   Reversed.

A. Devoe P. Miller, of Pittsburgh, Pa., for appellants.
Robert J. Dodds, of Pittsburgh, Pa. (George D. Wick and Reed, Smith, Shaw & Beal, all of Pittsburgh, Pa., of counsel), for appellee.

Before WOOLLEY and HAIGHT, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge.   The single question in this case concerns the right of creditors of an alleged bankrupt, other than original petitioners, to appear at any time before the decision of the issue of bankruptcy and join in the petition, under authority of section 59f of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, 561 (Comp. St. § 9643).

The unexplained neglect of the appellants promptly to prosecute the right they now assert deprives them of every consideration of equity.   If the right still exists, it does so only by force of the statute construed very strictly with reference to the facts.

In April, 1908, a petition in bankruptcy was filed against C. Jutte & Company, a Pennsylvania corporation.   In due course, the company filed an answer denying that it had engaged in any trade or pursuit that brought it within the operation of the Bankruptcy Act.   In September, 1908, the property of the company was sold under mort-

---

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gage foreclosure, and the proceeds distributed to the holders of the accompanying bonds. Excepting the allowance in 1911 of a creditor to intervene and join in the petition, nothing more was done until April 22, 1912, when E. B. Gribble and Jane C. Jutte, owners of the Tug "Independent," the appellants in this case, petitioned for leave to intervene as creditors and join in the bankruptcy petition. On rule to show cause, the alleged bankrupt opposed this petition on the ground that it was not indebted to the petitioners, and that, in any event, the petition to intervene should be denied because of laches. On July 19, 1912, the court made an order of reference to a referee in bankruptcy, "to determine whether the said petitioners, E. B. Gribble and Jane C. Jutte, doing business as the Tug "Independent," are creditors of said C. Jutte & Company."

On September 13, 1912, with the reference of Gribble's and Jutte's petition still outstanding, Judge Orr, sitting in the District Court, handed down an opinion on the issue of bankruptcy raised by the company's answer to the original petition, in which he held that the alleged bankrupt, being engaged in the business of transportation, and not being "engaged principally in manufacturing, trading, printing, publishing, binding, or mercantile pursuits," was not such a corporation as can be adjudged a bankrupt. He therefore held against the motion for adjudication.

A year later, in October, 1913, the referee made a report on the order of reference. He found the alleged bankrupt indebted to Gribble and Jutte but in a lesser sum than they claimed, and found also, in view of the opinion of the court filed in September of the previous year holding that the alleged bankrupt corporation could not be adjudged a bankrupt, that Gribble and Jutte should not be allowed to intervene, but should be relegated to their right as creditors to file a new petition. On October 13, 1913, Gribble and Jutte filed exceptions to the report of the referee, first, as to the amount of the indebtedness found, and second, as to the disallowance of the petition to intervene. Later, the exceptions were renewed (March 8, 1915), but were not pressed until July 2, 1918, when they were disposed of by Judge Thomson, sitting in the District Court, on an order overruling the exceptions and dismissing the petition to intervene on the ground of laches. It was from this order (not from Judge Orr's order) that Gribble and Jutte took this appeal.

[1-3] The appellants base their appeal on Section 59f of the Bankruptcy Act, which provides, that "creditors other than original petitioners may at any time enter their appearance and join in the petition. * * *" Relying on the broad terms of this provision, the appellants claim, that, notwithstanding their seemingly inexcusable delay in entering an appearance, they have a right under the statute, being creditors, to appear "at any time" and join in the petition of bankruptcy. The appellee, arguing as though the petition in bankruptcy had been dismissed and as though the appellants claim a right to appear "at any time" *thereafter,* maintains that the allowance of a petition to intervene in such a case is not based on a statutory right but is purely discretionary with the court and should be denied, unless

the application be seasonably made. The cases cited in support of the latter contention hold quite uniformly, that a petition to intervene *after* an order of adjudication or dismissal has been made, that is, after the issue of bankruptcy has been determined, is addressed to the discretion of the court. In re First National Bank of Belle Fourche, 152 Fed. 64, 81 C. C. A. 260, 11 Ann. Cas. 355; In re Jemison Mercantile Co., 112 Fed. 966, 50 C. C. A. 641; In re Koenig & Van Hoogenhuyze (D. C.) 127 Fed. 891; 1 Loveland on Bankruptcy, 467. But the rule of these cases, which no one questions, is not applicable to this case, because, through inadvertence of counsel, or otherwise, Judge Orr's opinion was not followed by an order dismissing the original petition. We thus have a situation in which the court has expressed its conclusion on the issue of bankruptcy but has not reduced it to judgment. We are not unmindful of the distinction between the rendition of a judgment and the record of a judgment rendered. 15 R. C. L. 571, 572, 578. The trouble here is that while the views of the court were expressed in an opinion indicating its purpose to render a judgment in accordance with them, no judgment has, in fact, been rendered. The last act of the court was the direction: "Let an appropriate order be drawn." None was drawn. Until the order is drawn and signed, the original petition in bankruptcy is not dismissed. It remains pending, and so long as it is pending and the issue of bankruptcy is not disposed of by an order of adjudication or dismissal, creditors, other than original petitioners, stand where the statute places them, and they may, by authority of the statute as construed by the courts, intervene and join in the petition. In re Stein, 105 Fed. 749, 45 C. C. A. 29 (C. C. A. 2d); In re Charlestown Light & Power Co. (D. C.) 183 Fed. 160; In re Lutfy (D. C.) 156 Fed. 873; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434 (C. C. A. 8th). Advantageous as would be the application of the doctrine of laches to this case, we find nothing in the statute or in the cases construing the statute, which indicates that tardiness or delay deprives creditors, other than the petitioners, of the right to avail themselves of the original petition at any time during its pendency.

In reaching the conclusion to which we are driven, we realize that in this case we are running very nearly counter to the maxim: Lex nil frusta facit. We wish, however, to make it clear, that, as this appeal is only from Judge Thomson's order, our decision affects in no way the views of Judge Orr as expressed in his opinion, and limits in no degree his freedom of action in dealing with the matter as it has been presented to him, or as it may again be presented to him.

The order dismissing the appellants' petition to intervene is reversed.