[Civ. No. 4878. Second Appellate District, Division Two.—February 8, 1928.]

ESTER RADDANT, Respondent, v. A. B. WATSON, Appellant.

B. P. Gibbs and Clyde Bishop for Appellant.

Marks, Launer & Collins for Respondent.

HAZLETT, J., *pro tem.*—This is an action for damages suffered by plaintiff by reason of personal injuries, pain, and suffering, loss of time, etc., caused by a collision of an

autostage in which she was a passenger, operated as a common carrier for hire by defendant A. B. Watson, with an automobile operated by defendant S. W. Mims, on a public highway.

Plaintiff was given judgment against defendant Watson for $2,850.50, but was awarded nothing against defendant Mims.

Defendant Watson appeals and assigns as errors on the part of the trial court that:

The court erred in denying plaintiff's motion for a nonsuit;

The proof fails to show negligence on the part of Watson or the driver of the stage; and

The decision is contrary to the evidence and is against the law.

Appellant Watson discusses the above assignments together, stating that but one question of law is involved in the errors assigned, to wit: Whether the stage-driver, who was the employee of appellant, so negligently operated the stage as to make appellant liable for plaintiff's injuries and her consequent pain and suffering and loss of time.

The facts that the stage was a common carrier for hire, that respondent was a passenger therein, that the collision with the automobile operated by Mims occurred, and that respondent suffered thereby, are established by respondent and not controverted by the evidence for defendants.

Respondent testified in relation to the events occurring immediately before and at the time of the collision, as follows: That the two machines were traveling in the same direction on the public highway; that before the collision the stage passed Mims' automobile and stopped at a railroad crossing; that Mims then passed the stage, and in a few minutes the stage-driver drove to the center of the highway and attempted to drive past the automobile; that the stage was then traveling about 25 to 38 miles per hour; that when the front of the radiator of the stage was about opposite the center of the automobile, the automobile was speeded up and cut in to the left, its rear left wheel caught the right front wheel of the stage, and the stage turned over on its right side at the center of the pavement; and that she heard no signals or horn from the stage at any time before or while passing.

Defendant Mims, called by respondent for cross-examination, testified that when the driver of the stage attempted to pass his machine just preceding the collision, another car was approaching in the opposite direction distant about 200 feet; that the radiator of the stage was about the center of his car when he, Mims, stepped on the *car* and swerved to the right side of the road to get away from the stage; that the stage was going 32 to 35 miles per hour and his machine a little faster.

Thereupon respondent rested and appellant moved for a nonsuit on the ground that respondent had failed to make out a case of negligence against him, asserting that the injuries suffered by respondent were the proximate result of negligence on the part of defendant Mims. The motion was denied, to which ruling appellant excepts.

It is true that respondent made a rather weak case, but after the motion for nonsuit was denied, the testimony of the stage-driver and the evidence given by and in behalf of defendant Mims showed substantially the following facts: When the stage-driver attempted to drive around Mims' machine immediately before the collision, he drove the stage at about 35 to 38 miles per hour and he discovered the third automobile approaching distant about 200 to 250 feet. He then applied his brakes, looked for Mims' machine, but did not see it, and when the front end of the radiator of the stage was about opposite the center of Mims' machine, he swerved the stage to the right towards Mims' machine, crowding it partly off the highway and leaving Mims the probable alternative of having his machine struck by the back end of the stage, which end was wider than its front end, or attempting to drive ahead of the stage. The latter course appeared to be the safer course for Mims to follow in the emergency in which he found himself. Mims then swerved his machine to the right so that his two right wheels were off the highway and drove ahead fast, hit the right rear wheel of his machine against the hub of the left front wheel of the stage, thereby cramped its front wheels to the left and the stage skidded about 40 feet and turned over on its right side. The skid marks commenced about four feet from the right side of the highway, indicating that Mims' machine was crowded partly off the highway by

the stage. The third machine was driven suddenly off the highway to the other side into an orange grove to avoid colliding with the stage.

By reason of the provisions of sections 20 and 22 of the "Vehicle Act" of 1915 (Stats. 1915, p. 397), as amended, then in effect, under the circumstances shown by all of the evidence considered together, it was the duty of the stage-driver in attempting to pass Mims' machine to make a "suitable and audible signal," in order to require Mims "to give way to the right" in favor of the stage (sec. 20, subd. d); the stage-driver was required "to not again drive to the right until reasonably clear" of Mims' machine (sec. 20, subd. c); and the stage-driver was prohibited from driving faster than 30 miles per hour in passing, for the reason that the third machine was approaching within 400 feet (sec. 22).

The stage-driver violated each of those requirements and that prohibition, and he also violated the general requirement of section 22 in failing to drive the stage in a careful and prudent manner and at a rate of speed not greater than reasonable and proper, having regard to the traffic and use of the highway.

The stage-driver was negligent in the operation of the stage, and his negligence was the proximate cause of respondent's injuries and losses. Therefore, the findings and judgment of the trial court have sufficient support in the evidence.

Referring to the order of the trial court denying the motion of appellant for a nonsuit, and his exceptions thereto, it appears that the somewhat weak case made by respondent was greatly strengthened by the evidence afterward introduced by defendants. Under such circumstances, where the defects in a plaintiff's case are overcome by evidence subsequently introduced, and all the evidence given at the trial by the plaintiff and defendants, considered together, supports the judgment, the order denying the nonsuit will not be disturbed, however weak a case plaintiff may have made. (*Carter* v. *Canty*, 181 Cal. 749, 753 [186 Pac. 346]; *Lowe* v. *San Francisco etc. Ry. Co.*, 154 Cal. 573; 576 [98 Pac. 678]; *County of Los Angeles* v. *Rindge Co.*,

53 Cal. App. 166, 175 [200 Pac. 27], and cases therein cited.)

The judgment is affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1928.

All the Justices concurred.