[Civ. No. 7266. First Appellate District, Division Two.—February 17, 1930.]

LONG BEACH BRICK COMPANY, Respondent, v. RUDE-CINDA F. S. DE DODSON et al., Appellants.

[Civ. No. 7267. First Appellate District, Division Two.—February 17, 1930.]

LONG BEACH BRICK COMPANY, Respondent, v. J. H. DODSON, Jr., et al., Appellants.

R. P. Stewart and V. P. Lucas for Appellants.

Knight & Goddard and P. H. Goddard for Respondent.

DOOLING, J., *pro tem.*—These are companion cases and by stipulation of the parties have been argued and presented together. Defendant and appellant in No. 7266, Rudecinda F. S. de Dodson, is the mother of defendant and appellant in No. 7267, J. H. Dodson, Jr. Prior to May 13, 1924, J. H. Dodson, Jr., was a stockholder in Triangle Construction Company, a corporation. While he was such stockholder that corporation became indebted to respondent Long Beach

Brick Company. On May 13, 1924, Dodson, Jr., sold and transferred all of his stock in the Triangle Company and on May 31, 1924, his resignation as secretary and treasurer was accepted by the directors of that company, effective June 1, 1924.

Prior to November 13, 1923, Dodson, Jr., was the owner of one-third of the subscribed capital stock of the Triangle Company and between that date and May 13, 1924, he was the owner of two-thirds of such stock. On June 2, 1924, Dodson, Jr., gave a check for $16,000, drawn upon an account carried jointly by his mother and himself, to respondent Long Beach Brick Company. To this check he signed his mother's name and his own. At the same time he received a receipt from respondent acknowledging receipt from James H. Dodson, Jr., of this check for $16,000 "being in full to date for all of his proportion of the obligation of indebtedness of the Triangle Construction Company to the Long Beach Brick Company."

Subsequently, on May 12, 1926, respondent Brick Company recovered judgment against the Triangle Construction Company in the aggregate sum of $8,958.46 principal, interest and costs. Execution having been returned unsatisfied, these suits were brought to reach and apply claimed indebtednesses of appellants to the Triangle Construction Company in satisfaction of respondent's judgment. Judgment followed against Rudecinda F. S. de Dodson for $5,216.43 and against J. H. Dodson, Jr., for $4,578.16. These are the judgments here appealed from.

In both cases the issue between the parties was a narrow one. It was admitted by Rudecinda F. S. de Dodson that prior to June 2, 1924, she was indebted to the Triangle Construction Company in the sum of $5,216.43, but it was claimed that as a part of the transaction by which the $16,000 check was given to respondent on June 2, 1924, it was agreed that that check should be applied to the extent of $5,216.43 to extinguish her indebtedness to the Triangle Company and that the balance after deducting that amount was received in full payment of J. H. Dodson, Jr.'s, proportion of the stockholder's liability to respondent. This was flatly contradicted by two witnesses for respondent, Armstrong, who was the agent for the Brick Company in the transaction, and Weldon, president and general manager

of the Triangle Company. According to their testimony, on June 2, 1924, the Triangle Company was found to be indebted to the Brick Company in the total sum of $24,623.47. At that time the Triangle Company paid $623.47 to the Brick Company to reduce its indebtedness to an even $24,000 and the check for $16,000 was given as full payment of Dodson, Jr.'s, proportion of the stockholder's liability. Both witnesses testified that it was never suggested that Rudecinda de Dodson's debt to the Triangle Company should be canceled as part of this transaction.

■ In this state of the evidence we have the familiar case of a conflict in the testimony which has been resolved by the trial court in favor of respondent. With a finding so supported this court is powerless to interfere. ■ Appellants claim, however, that because respondent introduced a part of the journal of the Triangle Company which contained an entry giving Rudecinda de Dodson a credit of $5,216.43, thus balancing her account, it made such journal entry its evidence and could not contradict this entry by other evidence. In this connection appellants argue that while books of account are ordinarily only *prima facie* evidence of the facts recited therein, and may be contradicted by other evidence, nevertheless when they are introduced by a party as a part of his case he is bound by their recitals and cannot contradict them. Appellants cite in support of this contention only one case claimed to be in point, *Cummins* v. *Hull*, 35 Iowa, 253, and admit that they can find no others. If the case of *Cummins* v. *Hull* goes to the extent that appellants claim we do not feel bound by it.

Taking the evidence most favorable to respondent, as we are obliged to do, it appears that after Dodson, Jr., had ceased to be a stockholder in and officer of the Triangle Company he caused this entry to be made in the books without the authorization or knowledge of anyone then an officer or stockholder of the company. It would be strange under such circumstances if respondent by proving the entry would thereby be deprived of the right to show how and by whom it was made. The very fact that the entry was made without the knowledge and authority of the qualified representatives of the corporation was material for respondent to prove. Yet how could it be proved without proving the entry itself? We are content on this phase of the case to

point out that in *Bank of British Columbia* v. *Frese,* 116 Cal. 9 [47 Pac. 783], the defendant after putting into evidence books of account was permitted to contradict certain of the entries therein by other testimony. It may be remarked also that the journal in this case was not introduced to prove the item in question, but only to prove that it was entered long after June 2d, the date when appellants claim the credit was given.

Appellants argue further that the entry binds the Triangle Company and hence respondent, because, as they claim, Dodson, Jr., was an officer *de facto* on June 2, 1924. It is a sufficient answer to this contention that he had ceased to be a stockholder and officer *de jure* before that date and there is no showing of any facts sufficient to constitute him an officer *de facto*. The fact that he signed a check for the corporation after that date is fully explained by a resolution of the board of directors providing that funds received for work done prior to June 1, 1924, should be placed in a special account to be paid on the indebtedness of the corporation incurred prior to that date subject to checks signed by Dodson, Jr., and countersigned by Weldon. After June 1, 1924, this is the extent of the authority of Dodson, Jr., to act for the company as shown by the evidence.

Appellants' claims of estoppel and laches depend on their construction of the evidence, but under the facts testified to by respondent's witnesses and found by the court there is no substance to such claims.

On behalf of appellant Dodson, Jr., it is argued that a $16,000 credit which appears on the books as of June 2, 1924, balanced his account with the Triangle Company. This represents the check for $16,000 given to respondent on that date. Counsel for appellants do not dispute that a stockholder paying his stockholder's liability is not entitled to reimbursement from the corporation (6 Cal. Jur., pp. 1036, 1037, sec. 413; *Trinidade* v. *Atwater Canning Co.,* (Cal. App.) 128 Pac. 756, and cases therein cited), but they insist that since prior to November 13, 1923, Dodson, Jr., owned only one-third of the subscribed stock of the Triangle Company and since the evidence does not affirmatively show when the indebtedness to respondent accrued, it cannot be said that Dodson, Jr., owed the entire $16,000 as his share

of the liability as a stockholder. His conduct on June 2, 1924, as related by Armstrong and Weldon was an admission that $16,000 was his proportion of the stockholder's liability sufficient to support a finding of that fact.

The denial of the motion for nonsuit at the close of respondent's case need not be considered because the question of whether or not the court erred in denying a nonsuit becomes of no consequence if, upon a conclusion of the whole case, there is evidence sufficient to support a judgment (*Peters* v. *Southern Pac. Co.,* 160 Cal. 48, 52, 53 [116 Pac. 400]; *Cosby* v. *Cline,* 186 Cal. 698, 702 [200 Pac. 801]; *County of Los Angeles* v. *Rindge Co.,* 53 Cal. App. 166, 175 [200 Pac. 27]; *Roddant* v. *Watson,* 89 Cal. App. 103, 106 [264 Pac. 589]). What has been said disposes of the alleged error in denying a nonsuit at the close of all the evidence.

Judgments affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 19, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1930.

All the Justices present concurred.