McCUNE et al. v. FIRST NAT. TRUST & SAVINGS BANK OF SANTA BARBARA et al.

SAME v. SMITHERAM et al.

In re MORTGAGE SECURITIES, INC., OF SANTA BARBARA.

No. 9270.

Circuit Court of Appeals, Ninth Circuit.

Feb. 5, 1940.

Rehearing Denied March 28, 1940.

T. H. Canfield, of Santa Barbara, for appellants.

W. P. Butcher, of Santa Barbara, Cal., for appellees First Nat. Trust & Savings Bank et al.

W. P. Butcher and Stanley Tomlinson, both of Santa Barbara, Cal., for appellees Smitheram, Squier and Goux.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appeals have been taken from orders denying a petition to vacate an adjudication in bankruptcy, and granting a petition to intervene.

On May 9, 1938, the First National Trust and Savings Bank of Santa Barbara, hereafter called the national bank, one Hoefer, one Davidson and his wife, filed a petition in the court below praying that Mortgage Securities, Inc., a California corporation,

hereafter called the bankrupt, be adjudged bankrupt. The petition alleged the insolvency of the bankrupt, indebtedness of the bankrupt in excess of $1,000, and acts of bankruptcy. No question is raised as to these allegations, but the controversy relates to the number of creditors filing the petition.

The petition alleged that bankrupt was indebted to the national bank for the principal amount of $50,000 as evidenced by promissory notes, and that Hoefer, Davidson and the latter's wife, were creditors of the bankrupt because of facts related in the petition. These facts were that the petitioners last named were stockholders of the bankrupt and as such were liable for the debts of the bankrupt in a specified proportion; that prior to October 15, 1936 "certain creditors" of bankrupt demanded and received of such petitioners payments on account of the stockholder's liability of such petitioners; and that by such payments such petitioners became creditors of the bankrupt in the amounts so paid, on the theory that such petitioners became subrogated to the claims of the creditors to whom payment was made. The petition does not disclose the names of such creditors.

The order of adjudication and reference was made on June 1, 1938.

On April 20, 1939, there was filed by appellants in the court below a petition for an order vacating the order of adjudication. It was alleged therein that the bankrupt was indebted to the County National Bank and Trust Company of Santa Barbara, hereafter called the county bank, in the amount of $30,000 as evidenced by two promissory notes; that prior to the filing of the petition in bankruptcy herein, the county bank assigned the notes to one Kaysser, who assigned them to appellant McCune, who has since been the owner and holder thereof; that the national bank and the county bank assigned their claims to Kaysser for the purpose of enforcing the rights of the banks against the stockholders of the bankrupt; and that the amounts paid by Hoefer, Davidson and the latter's wife were paid on the banks' claims against them as stockholders of the bankrupt. It was asserted that the national bank had no provable claim against the bankrupt because it had assigned its claim, that the claims of Hoefer, Davidson and the latter's wife were not provable claims, and that therefore the order of adjudication should be vacated for lack of jurisdiction.

and the petition for adjudication be dismissed.

On May 23, 1939, there was filed in the court below a petition praying for leave to be joined as intervening petitioning creditors for the adjudication of the bankrupt by three alleged creditors, two of whom were attorneys claiming an amount due them for legal services rendered the bankrupt, and the other of whom claimed an amount deposited with bankrupt on the purchase of a "1st mortgage certificate". On May 29, 1939 appellants filed an answer to such petition denying that the third creditor had a provable claim, but did not deny the claim of the attorneys.

The national bank, Hoefer, Davidson and his wife filed an answer to the petition of appellants for an order vacating the adjudication on June 5, 1939. It was alleged therein that the assignment by the national bank to Kaysser of the notes owing it by the bankrupt "was made solely and exclusively for the purpose of enforcing collection of said promissory notes" and that prior to the filing of the petition for adjudication, Kaysser re-assigned the notes to the national bank.

The trustee appointed in the bankruptcy proceedings appeared and moved to dismiss the petition of appellants for vacation of the order of adjudication.

Hearing was held by the court below on May 29, 1939. At the hearing there was considerable argument, and appellants' counsel sought, but was refused, permission to file affidavits as to the time when appellants first obtained knowledge that the petition for adjudication allegedly disclosed on its face that there were not three creditors having provable claims. No evidence of any kind on any other issue of fact was offered by any of the parties.

Subsequently, the trial court denied the petition of appellants for an order vacating the order of adjudication, granted the trustee's motion to dismiss such petition, and granted the petition to intervene. These appeals which were consolidated were taken from the orders made.

Appellants contend that the alleged claims of Hoefer, Davidson and wife were not provable claims because their claims arose by subrogation pursuant to Cal.Civil Code § 322a which is unconstitutional and void. It is contended that § 322a, which provides that a stockholder who pays on account of his liability as such is subrogated to the claim of the creditor so paid violates the Fourteenth Amendment, and clause one, Section 10 of Article 1 of the Constitution of the United States, U.S.C. A., and section 13 and 16 of Article 1 of the Constitution of California. The argument is that prior to the enactment of § 322a, the creditor could proceed against the stockholders and then could share in the assets of the corporation with other creditors who did not then include the stockholders proceeded against; but after enactment of § 322a the creditor could share in the assets of the corporation only with other creditors who included the stockholders who had paid on their liability to the creditor, and thus the creditor's recovery would be less.

We agree with Patek v. California Cotton Mills, 4 Cal.App.2d 12, 40 P.2d 927, that § 322a is not unconstitutional. So far as the creditor is concerned he has the same rights he had before enactment of the statute, i. e., the right to proceed against the stockholders and the right to proceed against the corporation and share in the assets. The creditor has been deprived of none of his rights although his exercise thereof may bear less fruit, but he is in no different position, for instance, than if taxes were increased, for his recovery would then be less. A new right has been created where none existed before, but that right runs against the corporation not the creditor. The complaint in that respect should be made by the corporation not its creditors.

The prohibition in clause 1, § 10, Article 1 of the Federal Constitution against ex post facto laws is not applicable here, for this is not a criminal proceeding nor one for a forfeiture. With respect to the prohibition against impairment of obligations of a contract, the creditor had two obligations—that of the corporation to pay and that of the stockholder to pay. Neither has been impaired.

Appellants further contend that actually only two claims were represented in the petition for adjudication and that such claims were those of the national bank and the county bank; that such claims could not be split for the purpose of securing enough creditors to warrant adjudication, and that Hoefer, Davidson and his wife must be considered as sureties and prohibited from filing claims except as a part of the principals' claims.

Inasmuch as the answer of the national bank, Hoefer, Davidson and his wife

to appellants' petition to vacate the order of adjudication, does not deny the allegation that the claims on which Hoefer, Davidson and his wife made their payments were those of the two banks, we take the allegation in such petition as true.

Considerable argument is made as to the nature, of a stockholder's liability in California. While it is true that such liability is direct, immediate, primary, original, independent, and distinct and separate from that of the corporation, such liability not being that of a surety, guarantor, or indorser (6a Cal.Jur. § 567), we are not concerned here with the nature of the stockholder's liability to creditors, but with the corporation's liability to stockholders who have paid corporate creditors.

Cal.Civil Code § 322a provides: "Any shareholder who because of his proportionate stockholder's liability under statutes heretofore in effect * * * has heretofore made or shall hereafter make any payment in discharge in whole or in part of any debt or liability of the corporation shall be subrogated to the extent of such payment to the claim òf the creditor against the corporation."

■■ Under this statute, the stockholder succeeds to the rights of the creditor against the corporation to the extent of the amount paid by the stockholder. The stockholder to the extent of such amount,. is substituted for the creditor. The corporate obligation becomes divided, and is several, the creditor no longer having an interest in the part of the obligation to which the stockholder succeeds. The situation is the same as if the corporation had made separate notes to the creditor and to the stockholders. We hold that Hoefer, Davidson and his wife had provable claims and were "creditors" within the meaning of 11 U.S.C.A. § 95, sub. b, which requires three or more creditors to file a petition against a person for his adjudication as a bankrupt where there are 12 or more creditors of such person.

■ Appellants' contention that the stockholders stand in the same relative position as exists in the case of other types of subrogation, as e. g. the position of a surety, is not, we think well taken. The stockholders' liability is entirely independent of that of the corporation, and they are in no sense sureties for the corporation. 6a Cal.Jur. § 567.

■ It has been said in a number of cases that a claim may not be split into parts for the purpose of creating a sufficient number of creditors to support an involuntary petition in bankruptcy[1] and appellants rely on such rule here. The basis of these cases is that a creditor will not be permitted to do indirectly, what he could not do directly. Whether such rule could ever be applicable to a case where stockholders have paid an amount to a creditor upon their liability, we need not determine. It is sufficient to say here that there is no allegation that the banks compelled the stockholders to pay their obligations for the purpose of creating a sufficient number of creditors to support the involuntary petition. Compare In re H. E. Page Motor Car Co., D.C.Mass., 251 F. 318.

■ Appellants further contend that the court erred in denying them permission to introduce evidence as to the time when they discovered the alleged defects in the involuntary petition, but as we have held that there are no defects, this point becomes immaterial. Appellants also assert that it was improper practice to grant the trustee's motion to dismiss their petition. Since the trial court properly denied the petition, the error, if any, in granting the motion to dismiss was not prejudicial.

■ Finally, appellants contend that it was error to permit the intervention. 11 U.S.C.A. § 95, sub. f, provides in part: "Creditors other than the original petitioners may at any time enter their appearance and join in the petition. * * *" As construed in Canute S. S. Co. v. Pittsburgh & W. Va. Coal Co., 263 U.S. 244, 248, 44 S.Ct. 67, 68, 68 L.Ed. 287, "the petition cannot be joined in after it has been dismissed and is no longer pending, and * * * on the other hand, it must be joined in before the adjudication is made", in order that the creditor may be counted as such in determining the number of petitioning creditors. After dismissal or adjudication, a petition to intervene is addressed to the discretion of the court. In re Tidewa-

[1] Leighton v. Kennedy, 1 Cir., 129 F. 737; In re Lewis F. Perry & Whitney Co., D.C.Mass., 172 F. 745, affirmed, 1 Cir., 175 F. 52; In re Tribelhorn, 2 Cir., 137 F. 3; In re Independent Thread Co., D.C.N.J., 113 F. 998; In re Halsey Electric Generator Co., D.C. N.J., 163 F. 118; In re Glory Bottling Co. of New York, D.C.N.Y., 278 F. 625, reversed on other grounds, 2 Cir., 283 F. 110.

ter Coal Exchange, 2 Cir., 280 F. 638, 646, certiorari denied 259 U.S. 584, 42 S.Ct. 587, 66 L.Ed. 1075; In re Brown, 2 Cir., 87 F. 2d 306, 308, certiorari denied 301 U.S. 696, 57 S.Ct. 924, 81 L.Ed. 1352; In re C. Jutte & Co., 3 Cir., 258 F. 422, 424; In re First Nat. Bank, 8 Cir., 152 F. 64, 71, 11 Ann. Cas. 355. In view of our holding above, there is nothing to show that appellants were prejudiced, or that the court below in any way abused its discretion. Compare: Mutual Building & Loan Ass'n v. King, 9 Cir., 83 F.2d 798, 800; Rudebeck v. Sanderson, 9 Cir., 227 F. 575, 578.

Affirmed.